EXCHANGE BANK OF ONG, APPELLANT, V. CLAY CENTER STATE BANK, APPELLEE.

FILED SEPTEMBER 22, 1916. No. 18596.

1. Contracts: LEGALITY: ENFORCEMENT. An agreement between two banks that notes should be transferred by the one to the other for the purpose of making it falsely appear to the bank examiner that the bank so transferring the notes has not violated the law by making excessive loans is illegal and unenforceable.

2. Evidence: PAROL EVIDENCE. In such case, if notes are so transferred, and in order to make it falsely appear that the transferee is the owner of the notes they are indorsed, "without recourse," and the transaction entered upon the books of the respective banks as a sale and purchase of the notes, such indorsement and such entries will not be conclusive evidence in favor of either party to

such illegal contract that the transaction was a sale of the notes. The original illegal contract may be proved by the written correspondence between the banks, and oral evidence is competent to prove that the notes in question were transferred pursuant to such contract.

Appeal from the district court for Clay county: Leslie G. Hurd, Judge. *Affirmed.*

*Rinaker & Kidd, M. L. Corey* and *Paul E. Boslaugh,* for appellant.

*A. C. Epperson* and *C. H. Epperson, contra.*

Sedgwick, J.

Upon the first trial of this case in the district court for Clay county, the plaintiff recovered a judgment for the full amount of its claim, and the judgment was reversed upon appeal to this court. 91 Neb. 835. Upon another trial the defendant was successful, and the plaintiff has appealed.

The facts in the case are sufficiently stated in the former opinion. From that opinion it appears that the action was brought upon an open account which the plaintiff bank had in the defendant bank. That account included the amount of a certain note and interest. The plaintiff was the payee named in the note, and transferred it to the defendant, and the note when transferred was indorsed, "without recourse." The plaintiff contends that this indorsement constitutes a written contract which cannot be explained or contradicted by parol evidence.

The only controversy was as to this item. From the written evidence in the form of letters, which are set out in the former opinion, it appears that the plaintiff bank had been loaning money to various parties and had more money invested in the notes so taken than it was supposed that the bank examiner would approve, and, in order to deceive the bank examiner, the plaintiff proposed to transfer some of these notes to the defendant bank, and that the transaction should be so executed and so carried upon the books of the respective banks as to

make it appear that the defendant bank was the owner of the notes so transferred, whereas it was understood between the banks that these notes in fact should remain the property of the plaintiff bank and should be protected by it. The evidence of this arrangement is in writing, and oral evidence of various witnesses as to what took place when the notes, or some of them, were transferred from the plaintiff bank to the defendant bank shows that the notes were so transferred in pursuance of this understanding. It is contended that the note in question was the individual property of the cashier of the plaintiff bank and that the plaintiff is not responsible for the contract of the cashier in that regard. It is true in the first letter of the cashier he says, "I have a few excess loans, and I may want to send you some of them," but he immediately adds, "Until after we are examined I don't want any excess loans, when examiner is here," and then states at length the terms of the proposed arrangement, all of which would be ridiculous if the notes belonged to the cashier individually, since the bank examiner would have nothing to do with the private property of the cashier. This letter, then, as well as all of the written and oral arrangements show conclusively that the transaction was on behalf of the plaintiff bank, and that the note, which was taken in the name of the bank, was its property. This agreement was in violation of the banking laws, and as against innocent parties would be construed as far as possible against the parties participating in it; but, in an action by one of these banks against the other involving matters included in this unlawful agreement, the plaintiff bank, which was a party to the agreement, ought not to be allowed to recover upon the technical construction of a written indorsement which was contemplated in this unlawful agreement and was in fact a part thereof. If an agreement of this kind contemplates formal writings, such writings, being a part of the unlawful agreement, cannot avail either party.

It is strenuously argued that our former decision should not be regarded as the law of the case because, it is alleged, there are some inaccurate expressions in it, and, also, in the case of *Norman v. Waite*, 30 Neb. 302, which is in that opinion cited as authority. It is not necessary to discuss these alleged inaccuracies in those opinions. In our former opinion it was held that the writings therein recited were competent in evidence, as was the oral evidence which shows that the notes were transferred pursuant to those writings, and we adhere to this conclusion. Under the competent evidence in this case, no other judgment could have been entered than the one complained of, and it is not necessary to discuss the alleged errors of law occurring at the trial.

The judgment of the district court is

AFFIRMED.